UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RALPH COMPTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:22-cv-109 |
| § | |
| LIBERTY MUTUAL INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | (JURY) |

DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Liberty Mutual Insurance Company ("Liberty") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Northern District of Texas from the District Court of Tarrant County, Texas, and for its Notice of Removal states:

I.
REMOVAL JURISDICTION

1.      Under 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant(s), to the district court of the United States for the district and division embracing the place where such action is pending."

2.      This action, entitled *Ralph Compton v. Liberty Mutual Insurance Company,* pending in the District Court of Tarrant County, Texas, Cause No. 236-331418-22, was commenced against Liberty via the filing of Plaintiff's Original Petition (the "Petition") on January 14, 2022. *See* Exhibit A, Index of Documents Filed in State Court, with the attached Petition.

3.      Liberty was served on January 24, 2022. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      Plaintiff, Ralph Compton, is an individual domiciled in Tarrant County, Texas, and is a citizen of Texas.

5.      Liberty is a corporation organized under the laws of the state of Massachusetts, with its principle place of business. As such, Liberty is a citizen of Massachusetts.

6.      Plaintiff alleges causes of action against Liberty for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and common law fraud. *See* Ex. A-1, ¶¶ 30-57.

7.      Accordingly, removal is proper because there is complete diversity between the named parties under 28 U.S.C. § 1332.

## II.
## AMOUNT IN CONTROVERSY

8.      This is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff has pled that he seeks monetary relief over $100,000, but less than $500,000. *See* Ex. A-1, ¶4. Plaintiff additionally claims actual damages of $52,749.31 and has submitted a demand for $159,000. *See* Plaintiff's June 16, 2021 DTPA Pre-Suit Notice as **Exhibit B**, pp. 2-3. Plaintiff further requests three times his actual damages of $52,749.31 for Liberty's alleged noncompliance with the Texas Insurance Code and Unfair Settlement Practices. *See* Ex. A-1, ¶ 62. Treble damages are included within the amount in controversy when the plaintiff is permitted to recover those damages under applicable law. *Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 U.S. Dist. LEXIS 113424, at *7 (M.D.N.C. July 9, 2019). Plaintiff additionally requests reasonable attorney's fees.

*See* Ex. A-1, ¶¶ 58-67. According to the Court in *Galt*, "attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).

9. Thus, because Plaintiff could potentially recover both treble damages and his attorney's fees under the law, it is apparent that the damages sought by Plaintiff are greater than $75,000. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.
### ATTACHMENTS

10. In accordance with 28 U.S.C. § 1446(a) and L.R. 81.1, the following are attached to this notice:

- An index of all documents filed in the state court that clearly identifies each document and indicates the date the document was filed (*see* Exhibit A);
- A completed cover sheet;
- A supplemental cover sheet;
- A copy of the docket sheet in the state court action;
- Each document filed in the state court action filed as a separate attachment; and
- A separately signed certificate of interested persons.

### IV.
### NOTICE TO STATE COURT

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the District Court of Tarrant County, Texas.

12. Pursuant to Federal Rule of Civil Procedure 38, Liberty demands a trial by jury.

### V.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Liberty respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Liberty further requests any additional relief which it may be justly entitled.

Respectfully Submitted,

*/s/Kieran W. Leary*
**Kieran W. Leary**
Texas State Bar No. 24108517
kieran.leary@wilsonelser.com
**Jeffrey D. Hill**
Texas State Bar No. 24089223
Jeffrey.hill@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 - telephone
(214) 698-1101 – telecopier

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was electronically filed, and duly served upon all parties entitled to receive notice, via the Court's CM/ECF Court Filing System, this 11th day of February, 2022.

*/s/Kieran W. Leary*
Kieran W. Leary